UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

*RECEIVED AND FILED
00 APR 11 PM 3:04
CLERK'S OFFICE
U.S. DIST. COURT
SAN JUAN, P.R.*

| | |
|---|---|
| CECILIA PEREZ, ALBERTO GARCIA SANTOS, and their conjugal partnership,<br><br>Plaintiffs<br><br>v.<br><br>AGENCIA NAVEMAR DE PUERTO RICO, INC, ET AL.,<br><br>Defendants | Civ. No. 98-1549 (PG) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **OPINION & ORDER**

Pending before this Court are Co-defendant Agencia Navemar de Puerto Rico, Inc.'s ("Navemar") Motion to Dismiss and/or for Summary Judgment for Lack of Jurisdiction (Dkt. 7), Plaintiffs Cecilia Pérez and Alberto García Santos' Opposition to Defendant's Motion for Summary Judgment (Dkt. 10), and Navemar's Reply to Opposition to Defendant's Motion for Summary Judgment (Dkt. 11). Along with its motion, Navemar submitted a Statement of Uncontested Material Facts in Support of Defendant's Motion to Dismiss and/or for Summary Judgment for Lack of Jurisdiction and two exhibits. (Dkt. 7, Statement of Material Facts, Exhs. A & B) Thus, the Court will treat Navemar's motion as one for Summary Judgment. Also pending before the Court is a Motion to Quash Summons by co-defendant Pérez & Cía de Puerto Rico, Inc. (Dkt. 26)

The parties are disputing but one issue surrounding Plaintiffs' Title VII claim--did Plaintiff Pérez exhaust her administrative remedies as is required by Title VII? *See* 42 U.S.C. § 2000e-5(d) & (e). The issue leaves Plaintiffs teetering on the edge of a precipice. Whether Plaintiffs fall into the precipice or onto terra firma will depend on the proffered proof and not puffery.

98-1549 (PG) 2

"Title VII requires exhaustion of administrative remedies as a condition precedent to suit in federal district court." Jensen v. Frank, 912 F.2d 517, 520 (1st Cir. 1990). Under Title VII, a plaintiff must file an EEOC charge naming the defendant prior to bringing suit. 42 U.S.C. § 2000e-5(f)(1) ("a civil action may be brought against a respondent named in the charge"). Plaintiff fulfilled this requirement. However, Plaintiff did file suit without having a Right to Sue letter. This defect was cured when the EEOC issue a letter in August of 1998.

The Equal Employment Opportunity Commission ("EEOC") sent Plaintiff a Dismissal and Notice of Rights letter on August 7, 1998. In the letter, the EEOC notified Plaintiff that it was closing its file on the Plaintiff's charge because Plaintiff failed to cooperate in some way which prevented the EEOC from resolving the charge. (Dkt. 7, exh. I) The letter also provided Plaintiff with the right to sue Navemar.

Plaintiff filed a charge with the EEOC and received a right-to-sue letter.[1] The Court therefore DENIES Navemar's Summary Judgment Motion.

The Court previously denied Plaintiffs' request for leave to file an amended complaint. (Dkt. 26) Co-defendant Pérez & Cía' Motion to Quash is hereby GRANTED. Pérez & Cía is excused from filing an Answer to the First Amended Complaint.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April _10_, 2000.

JUAN M. PEREZ-GIMENEZ
U.S. District Judge

---

[1] The Court notes that assuming more is needed than filing a charge and receiving a right-to-sue letter from the EEOC, issues of material fact persist.